1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    TIMOTHY RAY BAKER,                          No.  2:19-CV-2617-KJM-DMC-P

12                   Plaintiff,

13          v.                                     ORDER

14    J. HOWARD, et al.,

15                   Defendants.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion, ECF No. 40, entitled "Motion

19    to File a Supplemental Partial Amendment to Judge Dennis M. Cota's May 26, 2021, Asking or

20    Two Clarification (Order)."  For the reasons discussed below, Plaintiff's motion will be construed

21    as a motion for an extension of time to file a first amended complaint and, so construed, the

22    motion will be granted.

23          On July 29, 2020, the Court screened Plaintiff's original complaint.  See ECF No.

24    14.  The Court concluded as follows:

25                 The Court finds plaintiff states a cognizable claim for
                   retaliation against defendant Howard based on plaintiff's allegations that
26                 defendant Howard took adverse action in falsifying an Informational
                   Chrono because plaintiff had filed a staff complaint against her. The Court
27                 also finds plaintiff states a cognizable safety claim against the Committee
                   Defendants – Howard, Hontz, Frederick, Peterson, and Roth – based on
28

                                              1

1    plaintiff's allegations that these defendants placed him on B Yard despite
     their knowledge of danger related to ongoing gang warfare.

2

     Id. at 4.

3

4    The Court also concluded that Plaintiff failed to state a cognizable claim against Defendant

5    Lynch, or any claims based on denial of medical care or access to rehabilitative programming.

6    See id. at 4-7.  Plaintiff was permitted leave to file a first amended complaint and instructed that,

7    if no first amended complaint was timely filed, the action would proceed on the original

8    complaint.  See id. at 7-8.

9         In the Court's most recent order, issued on August 16, 2021, the Court outlined the

10   following procedural history subsequent to the July 29, 2021, screening order:

11             As of September 15, 2020, Plaintiff had not filed a first
          amended complaint and the Court issued findings and recommendations
12        consistent with the July 29, 2020, order.  See ECF No. 18.  The findings
          and recommendations were adopted in fully by the assigned District Judge
13        on March 5, 2021.  See ECF No. 31.
               After the Court issued the findings and recommendations
14        on September 15, 2020, limiting Plaintiff's claims, but before the District
          Judge's March 5, 2021, order adopting the findings and recommendations,
15        Defendants filed a motion to dismiss the original complaint.  See ECF No.
          25.  On May 26, 2021, the Court issued findings and recommendations
16        that Defendants' motion to dismiss be denied.  See ECF No. 35.  The
          Court also provided Plaintiff an additional opportunity to amend the
17        original complaint to clarify certain allegations.  See id.  Plaintiff was
          again instructed that, if no first amended complaint was filed within the
18        time provided, the action would proceed on the original complaint as
          limited by the District Judge's March 5, 2021, order.  See id.  The District
19        Judge adopted the May 26, 2021, findings and recommendations in full on
          July 9, 2021, and referred the matter back to the undersigned for further
20        pre-trial proceedings.  See ECF No. 38.
               In response to the Court's May 26, 2021, order allowing
21        Plaintiff to file a first amended complaint to clarify certain allegations,
          Plaintiff filed the pleading currently before the Court.  See ECF No. 36.
22        To the extent Plaintiff intends this filing to be a stand-alone first amended
          complaint, it seems to take a step backward from the original complaint.
23        Specifically, the current pleading does not contain any allegations related
          to retaliation by Defendant Howard, nor does it contain allegations
24        relating the specific involvement of Defendants Howard, Hontz,
          Frederick, Peterson, and Roth relative to Plaintiff's safety claim.  Because
25        the Court is unable to refer to a prior pleading to make Plaintiff's current
          pleading complete, see E. Dist. Cal. Local Rule 220, the Court will once
26        again provide Plaintiff an opportunity to file a first amended complaint.  If

27   / / /

28   / / /

Plaintiff does not do so within the time provided, the case will proceed on Plaintiff's original complaint as limited by the District Judge.

ECF No. 39, pgs. 2-3.

Rather than file a first amended complaint containing additional allegations in a single pleading to clarifying the allegations in the original complaint, Plaintiff has filed the instant motion, apparently seeking leave to file a supplemental complaint in response to the Court's August 16, 2021, order.  See ECF No. 40.  Plaintiff appears to believe that a supplemental pleading under Federal Rule of Civil Procedure 15(d) will accomplish a clarification of the allegations contained in his original complaint.  Plaintiff is incorrect.  Supplemental pleadings relate to transactions, events, or occurrences which happened after the date of the pleading to be supplemented.  See Fed. R. Civ. P. 15(d).  Here, Plaintiff seeks to clarify allegations concerning events outlined in the original complaint which occurred before it was filed.  Plaintiff does not seek to allege new facts occurring after the original complaint was filed.  Therefore, Rule 15(d) is not the proper vehicle to achieve Plaintiff's goal.

The Court will construe Plaintiff's current motion as a motion for an extension of time to file a first amended complaint consistent with the guidance provided in the Court's August 16, 2021, order.  The motion will be granted and Plaintiff will be provided additional time.  Plaintiff is cautioned, however, once again, that if no first amended complaint is filed within the time provided herein, the action will proceed on Plaintiff's original complaint as limited by the District Judge.

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff's motion, ECF No. 40, is construed as a motion for an extension of time to file a first amended complaint and, so construed, is granted; and

2.      Plaintiff may file a first amended complaint within 30 days of the date of this order.

Dated:  October 26, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3