# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY RAY BAKER, | No. 2:19-CV-2617-KJM-DMC-P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| J. HOWARD, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint. ECF No. 42.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. <u>See</u> 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) J. Howard; (2) J. Frederick; (3) D. Roth; (4) M. Hontz; and (5) A.W. Peterson.  See ECF No. 42 at 1.  According to plaintiff, the events giving rise to the complaint occurred at California State Prison-Sacramento ("CSP-Sac").  See id.  Plaintiff is suing all defendants in their individual capacities.  Plaintiff presents three claims.

In his first claim, Plaintiff alleges Defendant J. Howard retaliated against him because of his race by generating a false "128-B Informational Chrono" about Plaintiff's conviction and criminal case.  Id.  Plaintiff alleges that this false chrono "was done out of malice, to somehow justify the ICC/UCC Committees decision to force Plaintiff onto B-Yard."  Id.

In his second claim, plaintiff alleges that Defendants Howard, Hontz, Frederick, Peterson, and Roth—all members of the Classification Committee—failed to protect him by putting him into B-Yard, which they knew posed serious and specific risks to him.  Id. at 1, 3, 8, 10.  Plaintiff alleges that this decision was made because of Defendant Howard's false chrono.  Id. at 3.  Plaintiff alleges that "gang violence was very recognized and acknowledged by the aforementioned named defendants" on B-Yard.  Id. at 2.  Plaintiff states that he expressed several times that he could not go to B-Yard with "gang members who's [sic] actively gang banging."  Id.  Plaintiff states that an investigation into his allegations concluded that he had no safety concerns or known enemies on B-Yard, however, this turned out to be false.  Id.

///
///
///

To support his claim that Defendants failed to protect, he provided interview questions that were distributed to inmates in B-Yard regarding a riot that occurred on November 19, 2019. Id at 6. This questionnaire includes a description of the event, which involved approximately sixty-four inmates "striking each other about the head and body with their fists, four inmates were identified as battering other inmates with deadly weapons and two inmates were identified concealing weapons on the yard once the riot seceded." Id. One inmate was transferred to an outside hospital for treatment in an ambulance following the riot. Id.

On December 2, 2019, Plaintiff alleges another fight broke out in B-Yard between gang members. Id at 2. Plaintiff states he watched an assailant beat another inmate directly in front of his cell door. Id. Plaintiff states he yelled for the assailant to stop until the Commanding Officer in the tower fired "the 40 mm Launcher several times and recalled the dayroom." Id. Then, the tower opened all cell doors in A-Section, including Plaintiff's cell door. Id. Three other inmates then entered his cell. Id. While one inmate stood watch, the other two were "punching me about my head and face area for minutes unabated." Id. The three inmates then told the Plaintiff to "stay the FUCK OUT OF CRIPS BUSINESS." Id at 3. Plaintiff stated that he feared for his life and "took their threats to heart as they had the present ability to [kill him]." Id.

In his third claim, Plaintiff claims that he was denied mental health treatment while on B-Yard. Id at 4. Plaintiff claims he was denied mental health treatment for the attack he sustained on December 2, 2019, until December 24, 2019, when he saw a psychologist. Id. He also saw a psychiatrist, Ajani Jackson, on January 8, 2020. Id. Plaintiff states that he became suicidal and homicidal following the December 2, 2019, assault and suffers from post traumatic stress disorder due to multiple previous, unrelated assaults. Id at 3-4, 14. Plaintiff has been transferred to the Salinas Valley State Prison where he has access to a higher level of care for mental health treatment. Id at 4.

///

///

///

3

## II.  DISCUSSION

The Court finds Plaintiff states a cognizable claim for retaliation against Defendant Howard, and a cognizable claim for failure to protect, as against Defendants Howard, Hontz, Frederick, Peterson, and Roth.  The Court, however, finds Plaintiff fails to state any other cognizable claims, as explained below.

In his third claim, Plaintiff alleges a delay in access to mental health care.  The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).  Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition

is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns.  See McGuckin, 974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989).  The complete denial of medical attention may constitute deliberate indifference.  See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference.  See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

Plaintiff has not alleged any additional injury resulting from a delay in receiving mental health care.  Once he was seen by mental health professionals, he was transferred to a different prison and housed in a section with a higher level of care for mental health treatment.  Plaintiff states that he became suicidal and homicidal following the assault.  Because plaintiff does not specifically allege that the delay in receiving mental health care caused him further injury or emotional distress, he fails to state a cognizable claim for deliberate indifference.

Additionally, Plaintiff does not allege a causal connection between Defendants and the alleged deliberate indifference.  To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The complaint fails to indicate that Defendants caused the delay in mental health treatment.  Because Plaintiff does not allege an actual connection between any Defendant and the denial of adequate medical treatment, he has failed to allege any of the necessary elements of an Eighth Amendment medical care claim.  Plaintiff will be provided an opportunity to amend.

5

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' request for screening, ECF No. 43, is granted;

2. Plaintiff's first amended complaint is dismissed with leave to amend; and

3. Plaintiff may file a second amended complaint within 30 days of the date of service of this order.

Dated:  February 16, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

6