UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Timothy Ray Baker,<br><br>                Plaintiff,<br><br>   v.<br><br>J. Howard, et al.,<br><br>               Defendants. | No. 2:19-cv-02617-KJM-DMC<br><br>ORDER |

After determining each of the parties had filed a consent to proceed before a magistrate judge, this court reassigned and referred the case to a magistrate judge for all further proceedings in accordance with 28 U.S.C. § 636(c). *See* Prior Order, ECF No. 62. Shortly thereafter, plaintiff Timothy Baker filed a form declining consent to the jurisdiction of a magistrate judge. Decline Consent, ECF No. 63. The court construes the form as a motion to withdraw consent. "[O]nly a district judge may rule on a motion to withdraw consent to the jurisdiction of a magistrate judge." *Branch v. Umphenour*, 936 F.3d 994, 1003 (9th Cir. 2019). Therefore, the court retains jurisdiction for the limited purpose of ruling on the motion to withdraw consent and **denies** the motion.

"Once a civil case is referred to a magistrate judge under section 636(c), the reference can be withdrawn by the court only 'for good cause shown on its own motion, or under extraordinary circumstances shown by any party.'" *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) (citing

28 U.S.C. § 636(c)(6), Fed. R. Civ. P. 73(b), and *Fellman v. Fireman's Fund Ins. Co.*, 735 F.2d 55, 58 (2d Cir.1984)).  In civil cases there is "no absolute right" to withdraw consent to the jurisdiction of a magistrate judge.  *See id.*

Here, plaintiff does not provide any explanation as to why he now declines consent; plaintiff has not shown good cause or extraordinary circumstances.  Accordingly, the motion to withdraw consent is **denied.**  The matter is reassigned and referred back to the magistrate judge for all further proceedings and entry of final judgment.

This order resolves ECF No. 63.

IT IS SO ORDERED.

DATED:  August 10, 2023.

CHIEF UNITED STATES DISTRICT JUDGE