1
2
3
4
5
6
7
8            **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   TIMOTHY RAY BAKER,                        No.  2:19-CV-2617-DMC-P

12                Plaintiff,

13        v.                                    ORDER

14   J. HOWARD, et al.,

15                Defendants.

16

17            Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Pending before the Court is Defendants' unopposed motion to compel Plaintiff

19   to provide responses to written discovery and to attend his deposition.  See ECF No. 66.

20            The purpose of discovery is to "remove surprise from trial preparation so the

21   parties can obtain evidence necessary to evaluate and resolve their dispute." United States v.

22   Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule

23   26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery

24   permitted:

25            Parties may obtain discovery regarding any nonprivileged information that
             is relevant to any party's claim or defense and proportional to the needs of
26           the case, considering the importance of the issues at stake in the action, the
             amount in controversy, the parties' relative access to relevant information,
27           the parties' resources, the importance of the discovery in resolving the
             issues, and whether the burden or expense of the proposed discovery

28   / / /

1

outweighs its likely benefit. Information within this scope of discovery
need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The Court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

Under Rule 37, the party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 U.S. Dist. LEXIS 75435, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 24418, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).  Rule 37 also requires the moving party to meet and confer with the opposing party.  See Fed. R. Civ. P. 37(a)(1).


# I. BACKGROUND

### A.      Plaintiff's Allegations

This action currently proceeds on Plaintiff's first amended complaint.  See ECF No. 42.  Plaintiff names the following as defendants: (1) J. Howard; (2) J. Frederick; (3) D. Roth; (4) M. Hontz; and (5) A.W. Peterson. See id. at 1. According to plaintiff, the events giving rise to the complaint occurred at California State Prison-Sacramento ("CSP-Sac"). See id. Plaintiff is suing all defendants in their individual capacities. Plaintiff presents three claims.

/ / /

2

In his first claim, Plaintiff alleges Defendant J. Howard retaliated against him because of his race by generating a false "128-B Informational Chrono" about Plaintiff's conviction and criminal case. Id. Plaintiff alleges that this false chrono "was done out of malice, to somehow justify the ICC/UCC Committees decision to force Plaintiff onto B-Yard." Id.

In his second claim, Plaintiff alleges that Defendants Howard, Hontz, Frederick, Peterson, and Roth—all members of the Classification Committee—failed to protect him by putting him into B-Yard, which they knew posed serious and specific risks to him. Id. at 1, 3, 8, 10. Plaintiff alleges that this decision was made because of Defendant Howard's false chrono. Id. at 3. Plaintiff alleges that "gang violence was very recognized and acknowledged by the aforementioned named defendants" on B-Yard. Id. at 2. Plaintiff states that he expressed several times that he could not go to B-Yard with "gang members who's [sic] actively gang banging." Id. Plaintiff states that an investigation into his allegations concluded that he had no safety concerns or known enemies on B-Yard, however, this turned out to be false. Id.

To support his claim that Defendants failed to protect, Plaintiff provided interview questions that were distributed to inmates in B-Yard regarding a riot that occurred on November 19, 2019. Id. at 6. This questionnaire includes a description of the event, which involved approximately sixty-four inmates "striking each other about the head and body with their fists, four inmates were identified as battering other inmates with deadly weapons and two inmates were identified concealing weapons on the yard once the riot seceded." Id. One inmate was transferred to an outside hospital for treatment in an ambulance following the riot. Id.

On December 2, 2019, Plaintiff alleges another fight broke out in B-Yard between gang members. Id. at 2. Plaintiff states he watched an assailant beat another inmate directly in front of his cell door. Id. Plaintiff states he yelled for the assailant to stop until the Commanding Officer in the tower fired "the 40 mm Launcher several times and recalled the dayroom." Id. Then, the tower opened all cell doors in A-Section, including Plaintiff's cell door. Id. Three other inmates then entered his cell. Id. While one inmate stood watch, the other two were "punching me about my head and face area for minutes unabated." Id. The three inmates then told the Plaintiff to "stay the FUCK OUT OF CRIPS BUSINESS." Id. at 3. Plaintiff stated that he feared for his

3

1   life and "took their threats to heart as they had the present ability to [kill him]." Id.

2   In his third claim, Plaintiff claims that he was denied mental health treatment

3   while on B-Yard. Id. at 4. Plaintiff claims he was denied mental health treatment for the attack he

4   sustained on December 2, 2019, until December 24, 2019, when he saw a psychologist. Id. He

5   also saw a psychiatrist, Ajani Jackson, on January 8, 2020. Id. Plaintiff states that he became

6   suicidal and homicidal following the December 2, 2019, assault and suffers from post-traumatic

7   stress disorder due to multiple previous, unrelated assaults. Id. at 3-4, 14. Plaintiff has been

8   transferred to the Salinas Valley State Prison where he has access to a higher level of care for

9   mental health treatment. Id. at 4.

10   **B.   Procedural History**

11   On February 16, 2022, the Court issued an order addressing the sufficiency of

12   Plaintiff's first amended complaint. See ECF No. 44. The Court determined that Plaintiff stated

13   a cognizable claim for retaliation against Defendant Howard and a cognizable claim for failure to

14   protect against Defendants Howard, Hontz, Frederick, Peterson, and Roth. See id. at 4. The

15   Court also found that Plaintiff's third claim relating to delay in access to mental health care was

16   insufficient to proceed. See id. at 4-5. Plaintiff was provided an opportunity to amend. See id. at

17   6.

18   On April 8, 2022, Plaintiff filed a notice of election to proceed on the first

19   amended complaint as to those claims identified in the Court's February 16, 2022, order as

20   cognizable. See ECF No. 48. On April 25, 2022, the Court issued findings and recommendations

21   that Plaintiff's third claim be dismissed. See ECF No. 49. The findings and recommendations

22   were adopted in full by the then-assigned District Judge[1] on September 15, 2022. See ECF No.

23   50. Defendants filed their answer on November 10, 2022. See ECF No. 53. On December 30,

24   2022, the Court issued a scheduling order. See ECF No. 57. The scheduling order set a

25   _____

26   [1]   Pursuant to Eastern District of California local rules, this case was not assigned a District Judge when it was filed. On January 2, 2020, the Court directed that a District Judge be assigned. See ECF No. 9. Subsequently, all parties consented to Magistrate Judge jurisdiction and the matter was reassigned to the undersigned for all purposes on July 19, 2023. See ECF No. 62. Plaintiff then filed a motion to withdraw his consent, which was denied by the previously assigned District Judge on August 11, 2023. See ECF No. 64.

27

28

4

1    discovery completion deadline of July 3, 2023, with motions to compel discovery due within 60

2    days of that date.  See id.  The Court has vacated the dispositive motion filing deadline pending

3    resolution of the pending motion to compel.  See ECF No. 68.

4          **C.**    **Discovery in Dispute**

5              1.    Defendants' First Set of Discovery Requests

6           On March 2, 2023, Defendants served Plaintiff with the following discovery

7    requests: (1) Defendant Frederick's interrogatories, set one; (2) Defendant Hontz's

8    interrogatories, set one; (3) Defendant Howard's interrogatories, set one; (4) Defendant

9    Peterson's interrogatories, set one; (5) Defendant Roth's interrogatories, set one; (6) Defendants'

10    requests for production of documents, set one; and (7) Defendants' requests for admissions, set

11    one.  See ECF No. 66-1, Exhibits A-G.  These discovery requests sought information related to

12    the exhaustion of prison remedies prior to filing suit.  See ECF No. 66, pg. 9. Pursuant to the

13    scheduling order, responses were due within 45 days of the date of service, or by April 19, 2023.

14    See ECF No. 57.  On April 26, 2023[2], Plaintiff served responses and produced 22 pages of

15    documents.  See ECF No. 66-1, Exhibits H-O.  None of Plaintiff's responses to interrogatories

16    was verified.  See id.  As of the filing of the pending motion to compel in August 2023, Plaintiff

17    had not supplemented his responses to Defendants' first set of discovery requests.  See ECF No.

18    66, pg. 10.

19              2.    Defendants' Second Set of Discovery Requests

20           On May 26, 2023, Defendants served Plaintiff with the following discovery

21    requests: (1) Defendant Frederick's interrogatories, set two; (2) Defendant Hontz's

22    interrogatories, set two; (3) Defendant Howard's interrogatories, set two; (4) Defendant

23    Peterson's interrogatories, set two; (5) Defendant Roth's interrogatories, set two; (6) Defendants'

24    requests for production of documents, set two; and (7) Defendants' requests for admissions, set

25

26           [2]    Plaintiff's responses are dated April 18, 2023.  See ECF No. 66-1, Exhibits H-N.  Plaintiff's responses, however, were not delivered to prison officials for mailing until

27    April 26, 2023.  See id., Exhibit O.  Pursuant to "mailbox rule" announced in Houston v. Lack, 487 U.S. 266 (1988), for pro se prisoner litigants, the court calculates deadlines based on the date documents are delivered to prison authorities for mailing.  Thus, Plaintiff's

28    responses in this case are deemed to have been served on April 26, 2023.

1   two.  See ECF No. 66-1, Exhibits P-V.  These discovery requests sought information related to

2   Plaintiff's injuries and damages, Plaintiff's placement on B-Yard and the threat to his safety,

3   Plaintiff's retaliation claim, and witnesses.  See ECF No. 66, pgs. 10-11.  Responses to these

4   discovery requests were due by July 3, 2023.  See ECF No. 57.  Plaintiff mailed blank responses,

5   with signed verifications, on July 4, 2023.  See ECF No. 66-1, Exhibits AA-GG.  Plaintiff

6   asserted a blanket objection, stating, among other things, "there aren't any sufficient reasons that

7   must compel plaintiff to spend his wasted time and efforts, by appeasing AG's clients."  See e.g.

8   id., Exhibit AA.

9           3.      Plaintiff's Deposition

10          Defendants noticed Plaintiff's deposition for July 3, 2023, at Kern Valley State

11  Prison and served a deposition notice three weeks prior.  See id., Exhibit Y.  Initially, Plaintiff

12  participated but, after three hours, Plaintiff began threatening to terminate the deposition during

13  defense counsel's examination regarding Plaintiff's use of the inmate grievance process.  See id.,

14  Exhibit Z (transcript).  Plaintiff stated that he would not answer any further questions and then,

15  during a break, he left the deposition area and did not return.  See id.

16

17                          **II.  DISCUSSION**

18          In their motion to compel, Defendants argue: (1) Plaintiff should be ordered to

19  provide further substantive responses to Defendants' first set of interrogatories and requests for

20  production of documents, without objections; (2) Plaintiff should be ordered to provide initial

21  substantive responses to Defendants' second set of interrogatories, requests for production of

22  documents, and requests for admissions, without objections; (3) Plaintiff should be ordered to

23  verify his interrogatory responses under oath; and (4) Plaintiff should be ordered to attend a

24  second deposition to complete his examination.  For the reasons discussed below, the Court

25  agrees.

26  / / /

27  / / /

28  / / /

6

As an initial matter, the Court agrees with Defendants that Plaintiff's limited responses were untimely. Pursuant to the Court's scheduling order, discovery responses were due within 45 days of the date of service of discovery requests. Here, Defendants' first set of discovery requests were served on March 2, 2023, and responses were due by April 19, 2023. Plaintiff did not, however, submit his responses for mailing by prison officials until April 26, 2023. Defendants' second set of discovery requests were served on May 26, 2023, and responses were due by July 3, 2023. Plaintiff did not submit his responses for mailing until July 4, 2023. Because Plaintiff's responses were untimely, objections have been waived. See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992); see also Green v. Spain, 2:21-cv-1582-DMC-P, 2023 WL 4356602, at *1 (E.D. Cal. 2023).

The Court also agrees with Defendants that Plaintiff must verify his responses to interrogatories under oath. See Fed. R. Civ. P. 33(b)(5).

The Court next addresses the specific discovery in dispute.

A.    **First Set of Discovery Requests**

Defendants seek an order compelling Plaintiff to provide further substantive responses to Defendants' first set of interrogatories and requests for production of documents. Defendants do not seek any order concerning their second set of requests for admissions. Specifically, Defendants contend: (1) Plaintiff did not identify the inmate grievances that relate to his claims; (2) Plaintiff improperly incorporates prior responses; and (3) Plaintiff failed to sufficiently identify documents in response to interrogatories and requests for production of documents.

1.    Failure to Identify Inmate Grievances

At issue are Plaintiff's responses to: Frederick's interrogatory no. 9; Hontz's interrogatory nos. 5 and 10; Howard's interrogatory no. 13; Peterson's interrogatory no. 9; and Roth's interrogatory no. 5. See ECF No. 66, pg. 16. These interrogatories asked Plaintiff: "Identify each and every Form 602 inmate appeal you have submitted that relates to your claim against Defendant." See ECF No. 66-1, Exhibits A-E. Plaintiff variously responded as follows: "They are being submitted," id., Exhibit H; "Plaintiff can only submit the 602 I/M appeals he has

1   in his possession as may be the case at hand," id., Exhibit I; "Attached as Exhibit (A)," id.,

2   Exhibit J; "To[o] broad & vague; I don't have any memory of any additional 602/1824 appeals

3   filed or submitted," id., Exhibit K; and "602 appeal (1) 1824 RAP (2) responses," id., Exhibit L.

4           The Court agrees with Defendants that these responses fail to adequately respond

5   to the interrogatories at issue because they do not identify, as asked, each inmate grievance

6   relating to Plaintiff's claims.  Plaintiff will be required to serve further responses to the

7   interrogatories at issue identified above, without objections.

8                    2.      Incorporation by Reference

9           At issue are Plaintiff's responses to: Frederick's interrogatory no. 9; Hontz's

10  interrogatory nos. 2-4 and 7-9; Howard's interrogatory nos. 4-6 and 9-12; Peterson's

11  interrogatory nos. 1-3 and 5-8; and Roth's interrogatory nos. 2-7.  See ECF No. 66, pg. 17.  In

12  response to these interrogatories, Plaintiff incorporated prior unidentified responses by reference.

13  See ECF No. 66-1, Exhibits H-K.

14          As Defendants correctly note, this form of responding is improper under Federal

15  Rule of Civil Procedure 33(b)(3), which requires: "Each interrogatory must, to the extent it is not

16  objected to, be answered separately and fully in writing under oath."  See also Mulero-Abreu v.

17  P.R. Police Dep't, 675 F.3d 88, 93 (1st Cit. 2012) ("answering interrogatories simply by directing

18  the proponent to rummage through other discovery materials falls short of the obligation imposed

19  by Rule 33"); Quezada v. Cate, 2018 WL 1014628, at *3 (E.D. Cal. 2018) (holding that a prisoner

20  plaintiff's interrogatory responses must be in writing without reference to other interrogatories,

21  pleadings or documents).  Plaintiff will be ordered to provide further responses to the

22  interrogatories at issue identified above, without objections.

23                   3.      Failure to Identify Documents

24          At issue are Plaintiff's responses to: Frederick's interrogatory nos. 3, 4, and 7-9;

25  Hontz's interrogatory nos. 4 and 8; Howard's interrogatory nos. 2, 3, 5, 9, 10, 12, and 13;

26  Peterson's interrogatory nos. 3, 4, and 8; Roth's interrogatory nos. 2, 3, 6, 8, and 9; and each of

27  Defendants' requests for production of documents.  See ECF No. 66, pg. 18.  Defendants contend

28  that Plaintiff failed to identify documents in response to interrogatories and that Plaintiff

1  produced documents as "an unorganized amalgamation of unidentified documents. . . ." which

2  failed to identify how the documents produced relate to any specific interrogatory, request for

3  production, or each other.  Id.

4          As with Plaintiff's failure to identify grievances, discussed above, Plaintiff's

5  failure to identify documents constitutes an inadequate response.  See Fed. R. Civ. P. 33(b)(3);

6  Fed. R. Civ. P. 34(b)(2)(B).  For example, Hontz's interrogatory no. 4 asked Plaintiff to identify

7  the Form 602 inmate appeals Plaintiff contends exhausted administrative remedies, but Plaintiff

8  responded: "602 I/M Appeal 1824 RAP."  ECF No. 66-1, Exhibit I.  Further, the documents

9  produced by Plaintiff in response to requests for production, set one, are unorganized and do not

10  allow Defendants to know which documents being produced are responsive to which specific

11  document request.  See id., Exhibit M.  The Court will order Plaintiff to provide further responses

12  to the interrogatories at issue identified above, as well as further responses to Defendants'

13  requests for production of documents, set one.

14        **B.**    **Second Set of Discovery Requests**

15          Defendants seek an order compelling Plaintiff to provide initial substantive

16  responses to Defendants' second set of interrogatories, requests for production of documents, and

17  requests for admissions.  Specifically, Defendants contend that Plaintiff never provided

18  substantive responses to these discovery requests, Plaintiff did not make proper objections, and

19  Plaintiff's blanket objections are without merit.

20          Defendants' position is well-taken.  Plaintiff's response to Defendant Frederick's

21  interrogatories, set two, provides a good example.  See ECF No. 66-1, Exhibit BB.  Plaintiff did

22  not respond directly to any of the interrogatories posed.  See id.  Rather, Plaintiff made a single

23  general objection, as follows:

24          NOTE: Plaintiff has elected to object to defendant's interrogatories – set
        two.  Defendant Fredericks.  Due to the requests being used excessively

25          and repeatedly in different ways and techniques for the sole purpose of
        "harassment," "undue delay," intimidation and other improper reasons,

26          such as discrediting plaintiff's attempts to show good faith efforts to
        resolve this contentious line of questioning, when defendants already

27          knows the answers to their questions.  As is the case, in the body of the
        language of the case, and the Judge's orders and rulings, that plaintiff has

28          established a cognizable claim for Eight Amendment violation.  Deliberate

1    Indifference.  Failure to Protect plaintiff from violence of other inmates.

2    Id. at 273 (errors in original).

3    Plaintiff made the same objections to each of the remaining set-two interrogatories.  See id.,

4    Exhibits CC-FF.

5    As to Defendants' set-two requests for production of documents and requests for

6    admissions, Plaintiff responded by way of a nine-page letter.  See id., Exhibit AA.  In this letter,

7    Plaintiff largely repeats the blanket objections above.  See id.  Notably, Plaintiff does not provide

8    any substantive response or objections to any particular discovery request.  See id.  Plaintiff did

9    not produce any documents in response to Defendants' set-two requests for production.

10    Boilerplate objections are improper.  See Burlington N. & Santa Fe Ry. Co. v.

11    U.S. Dist. Ct. for Dist. Of Mont., 408 F.3d 1142, 1149 (9th Cir. 2005).  Further, the Federal Rules

12    of Civil Procedure require that each interrogatory be answered separately and fully.  See Fed. R.

13    Civ. P. 33(b)(3); see also Mulero-Abreu, 675 F.3d at 93; Quezada, 2018 WL 1014628, at *3.  The

14    same is true for requests for production of documents.  See Fed. R. Civ. P. 34(b)(2)(B).  For

15    requests for admissions, the responding party must specifically admit or deny each matter and, if

16    the matter is not admitted, the responding party must state in detail why the matter cannot be

17    admitted.  See Fed. R. Civ. P. 36(a)(4).  Here, Plaintiff has responded only with improper

18    boilerplate objections.  Plaintiff will be ordered to provide substantive responses to Defendants'

19    set-two discovery requests.

20    **C.    Plaintiff's Deposition**

21    A party served with a proper deposition notice is required to appear and testify.

22    See Estrada v. Rowland, 69 F.3d 405, 406 (9th Cir. 1995).  Federal Rule of Civil Procedure

23    33(d)(3)(A) permits a deponent to move to terminate or limit a deposition "on the ground that it is

24    being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses

25    the deponent or party."  See Fed. R. Civ. P. 33(d)(3)(A).  If the objecting party so demands, the

26    deposition must be suspended for the time necessary to obtain a court order.  See id.  Here,

27    Defendants properly noticed Plaintiff's deposition.  Three hours into the deposition, Plaintiff

28    refused to answer further questions and left the deposition site without returning.  See ECF No.

10

66-1, Exhibit Z (transcript).  The record does not indicate that Plaintiff ever moved for suspension or termination of the deposition under Rule 33(d)(3)(A).  Nor does the record reflect the basis for Plaintiff's refusal to continue.

The Court agrees with Defendants that Plaintiff is subject to a motion to compel under Federal Rule of Civil Procedure 37(a)(3)(B)(i) for failing without justification to answer questions asked at his properly noticed deposition.  Plaintiff will be ordered to attend a re-noticed deposition.

### III.  CONCLUSION

In the motion to compel, Defendants ask the Court to award reasonable expenses pursuant to Federal Rule of Civil Procedure 37(a)(5) in the amount of $3,000.00.  The Court declines to do so.  Rule 37(a)(5)(A)(iii) provides that the Court need not award reasonable expenses if "other circumstances make an award of expenses unjust.  See Fed. R. Civ. P. 37(a)(5)(A)(iii).  Here, Plaintiff is indigent and had been granted leave to proceed in forma pauperis.  An order requiring Plaintiff to pay $3,000.00 – which Plaintiff almost certainly will not be able to do – is tantamount to terminating sanctions which, absent non-compliance with this order, would be premature and unjust.

As indicated above, the Court has vacated the dispositive motion filing deadline pending resolution of Defendants' motion to compel.  The Court will by this order re-set that deadline.

Finally, Plaintiff is cautioned that failure to comply with this order may result in imposition of terminating sanctions on proper motion by Defendants.  See Fed. R. Civ. P. 37(b)(2)(A); see also Local Rule 110.

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED as follows:

1.      Defendants' unopposed motion to compel, ECF No. 66, is GRANTED.

2.      Within 30 days of the date of this order, Plaintiff shall serve further responses, verified under oath and without objection, to the following of Defendants' first set of interrogatories:

(a) Frederick's interrogatory nos. 3, 4, and 7-9.

(b) Hontz's interrogatory nos. 2-5 and 7-10.

(c) Howard's interrogatory nos. 2-6 and 9-13.

(d) Peterson's interrogatory nos. 1-4 and 5-9.

(e) Roth's interrogatory nos. 2-9.

3.      Within 30 days of the date of this order, Plaintiff shall serve further responses, without objection, and produce documents responsive to Defendants' requests for production of documents, set one.

4.      Within 30 days of the date of this order, Plaintiff shall serve initial responses, without objection, and produce documents responsive to all of Defendants' second set of discovery requests

5.      Within 45 days of the date of this order, Plaintiff shall appear at a properly re-noticed deposition.

6.      The Court declines to award reasonable expenses.

7.      Dispositive motions are due within 90 days of the date of this order.

Dated:  February 8, 2024

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

12