IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY RAY BAKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. HOWARD, et al.,<br><br>　　　　Defendants. | No. 2:19-CV-2617-DMC-P<br><br><br>ORDER |

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the Court is Defendants' unopposed motion for terminating sanctions. See ECF No. 72.

　　　　On February 8, 2024, the Court issued an order granting Defendants' unopposed motion to compel Plaintiff to provide further discovery responses and to appear at his deposition. See ECF No. 69. Plaintiff was directed to provide discovery within 30 days of the date of the Court's order. See id. Plaintiff was also directed to appear at his properly noticed deposition within 45 days of the date of the Court's order. See id.

/ / /

/ / /

1

In the pending motion for terminating sanctions, Defendants state that Plaintiff appeared for his deposition in March 2024 and, at that time, admitted that he had not served further discovery responses as ordered by the Court on February 8, 2024. See ECF No. 72-1 (declaration of defense counsel). As of the date of filing Defendants' motion – April 15, 2024 – Plaintiff still had not complied with the February 8, 2024, order. Plaintiff has not filed an opposition to the pending motion for terminating sanctions.

The court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal has also been held to be an appropriate sanction for failure to follow local rules, see Ghazali, 46 F.3d at 53, failure to comply with an order to file an amended complaint, see Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992), failure to inform the district court and parties of a change of address pursuant to local rules, see Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per curiam), failure to appear at trial, see Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996), and discovery abuses, see Henry v. Gill Indus., Inc., 983 F.2d 943, 948 (9th Cir. 1993).

Given Plaintiff's failure to comply with the Court's February 8, 2024, order, Plaintiff's failure to file an opposition to the pending motion, and considering the factors outlined above, the Court finds that dismissal of this action as a discovery sanction is warranted. See Fed. R. Civ. P. 37(b)(2)(A)(v).

/ / /

Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendants' unopposed motion for terminating sanctions, ECF No. 72, is GRANTED.

2. This action is DISMISSED without prejudice.

3. The Clerk of the Court is directed to enter judgment and close this file.

Dated: June 5, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE